# ROBINSON *v.* SEELINGER.

PATENTS; INTERFERENCE; DIVISIONAL APPLICATION; REDUCTION TO PRAC-
TICE.

1. Where, in an interference case, it appeared that the senior party filed his application May 28, 1903, as a division of an application filed by him October 28, 1902, and he took no testimony, he was restricted to the latter date; and where the junior party filed his application August 10, 1903, it was held the burden was on him to prove priority of invention by a preponderance of the evidence.

2. Where the testimony submitted in an interference case is not only lacking in form, but is wanting in substance, and, though the record may give the impression that essential facts may have been provable, they were not brought out, the case must be decided on the proofs adduced, as the court is not authorized to supply the missing links in the evidence and base its decision on facts only thought to exist, but

not disclosed. Under such circumstances the party whose testimony is deficient must be left to any other remedy the law may give him in another forum.

3. Where, in an interference case, exhibits are offered in evidence on which to predicate a reduction to practice, and they are lacking in one or more elements of the issue, the necessary elements in them cannot be supplied by this court unless warrant for such finding is found in the record.

4. Evidence of reduction to practice must embrace all the elements of the issue, leaving nothing to inference merely. (Following *Blackford* v. *Wilder,* 21 App. D. C. 1.)

5. Although in a proper case the Commissioner of Patents may take judicial notice of the records of his office, an application filed in February, 1902, for a patent, by one of the parties to a subsequent interference involving another invention, cannot warrant a finding in such interference that what was disclosed in such application in the preceding September was then in the possession of the applicant; especially when the application was not offered in evidence in any way. (Distinguishing *Cain* v. *Park,* 14 App. D. C. 42.)

No. 286. Patent Appeals. Submitted March 15, 1905. Decided March 21, 1905.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference case. *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. Ellis Spear, Jr.,* and *Mr. James M. Spear* for the appellant.

*Mr. Charles D. Davis* and *Mr. James L. Skidmore* for the appellee.

Mr. Justice DUELL delivered the opinion of the Court:

The Assistant Commissioner of Patents having awarded priority of invention to Henry Seelinger of an improvement in billiard-cue tips set forth in the following issue: "In a billiard-cue tip, the combination of the leather tip provided with

the central recess, and the deflecting disk, with the attaching-ferrule, the strengthening band or flange extending into the recess of the leather tip, and the fastening-prongs which extend from the strengthening band or flange outward into the leather tip,"—the defeated party, Edwin L. Robinson, has taken this appeal.

Seelinger, the senior party, filed the application involved in this interference, May 28, 1903, as a division of an application filed October 28, 1902, and, having taken no testimony, is restricted to the latter date. Robinson, the junior party, filed his application August 10, 1903, and the burden is consequently upon him to prove priority by a preponderance of evidence.

The Examiners-in-Chief reversed the Examiner of Interferences, who found for Seelinger, and they in turn were reversed by the Assistant Commissioner, who found that Robinson had failed to sustain the burden resting upon a junior party.

The testimony in behalf of Robinson is admitted on all hands to have been carelessly taken, and his own counsel characterizes it as lacking in statements in that artificial form, which make the decision of the case so easy. We must go further and hold that it is lacking not only in form, but is wanting in substance. Nevertheless we are somewhat impressed, as the Examiners-in-Chief seem to have been, with a feeling that essential facts may have been provable that for some reason or other were not brought out. However this may be, the case must be decided on the proofs adduced, and we are not authorized to supply the missing links and base a decision on a case so made up. We are constrained to decide the case upon the evidence contained in the record, leaving the appellant to any other remedy the law may give him in another forum. Should this, or any other court, predicate its decision upon a state of facts not disclosed, but only thought to exist, it would find itself in an unknown sea, without chart, compass, or rudder.

Approaching the consideration of the testimony as it is disclosed by the record, and not as possibly it might have been, we find Robinson testifying to a conception, disclosure, and re-

duction to practice as of September 15, 1901. The issue is read to him, and his answer is based upon such reading. When he is asked to produce one of the samples said by him to have been made by his workman, Prew, on that date, he offers one that is found by all of the tribunals of the Patent Office not to embody all of the elements of the issue. It lacks the leather tip provided with the central recess, and also the deflecting disk. It is also found that his two witnesses Prew and Wain, who testify to the disclosure, do not identify any exhibit made prior to Seelinger's record date, which embodies all of the elements. The Examiners-in-Chief also admit that neither he, nor any of his witnesses, testify that this September sample ever had these elements. Another sample said by Robinson to be like those made in February, 1902, is produced by him, but that exhibit does not help him, for it lacks one of the elements of the issue, *i. e.,* the deflecting disk, and moreover it is not identified by any of his witnesses. The testimony of the witness Kendall refers to a date too late to avail Robinson. We are asked to supply the missing elements of the issue and thus bring the September exhibit within its terms. This we cannot do unless we can find warrant in the record for such finding. This court has more than once said that the evidence of reduction to practice must embrace all the elements of the issue, leaving nothing to inference merely. *Blackford* v. *Wilder,* 21 App. D. C. 1. We search the record in vain for evidence showing that any exhibit claimed to have been made prior to Seelinger's record date contains, or ever did contain, the elements set forth in the issue. The specific form of the leather tip and the deflecting disk are elements that cannot be disregarded.

The Examiners-in-Chief supplied the missing elements by reference to an application for a patent for a cue-tip filed by Robinson February 28, 1902. Judicial notice is taken by them of this application, and after consideration of it, in connection with the September exhibit, and the testimony given by the witnesses relative thereto, they find that Robinson was in possession of the invention in September, 1901. It is not seen

just how an application filed in February, 1902, can warrant a finding that what is therein disclosed was in possession of the applicant in the preceding September. That the Commissioner of Patents may in a proper case take judicial notice of the records of the office was held in *Cain* v. *Park,* 14 App. D. C. 42. In that case, however, a certified copy of the application was in evidence in the interference, and the Commissioner examined the office records and found that it was allowed and a pending application, when the application in interference was filed. It is unnecessary now to decide that the Patent Office tribunals were justified in thus supplying a missing important link in the testimony, necessary to prove possession of an invention and its reduction to practice by a party to an interference. It is not before us in any form in the record. No profert is made of it, no copy is produced. We can scarcely be expected to consider something which is not a record open to the public, and which is in no form before us, as was the application which was taken judicial notice of in *Cain* v. *Park,* 14 App. D. C. 42. But taken at full value the exhibit, plus the disclosure of the application of February 28, 1902, is not held to be a reduction to practice. Admitting that the evidence is sufficient to warrant a finding of conception and disclosure by Robinson in either September, 1901, or February, 1902, he is not entitled to an award of priority, for Seelinger had a constructive reduction to practice in October, 1902, and as Robinson can be given no earlier date of reduction to practice than in January, 1903, it is incumbent on him to account for his delay. No attempt is made by him to do so. Upon the record as presented we must award priority to Seelinger of the issue. The Assistant Commissioner having so found, no error was committed by him, and his award of priority to the appellee must be affirmed. It is so ordered; and the clerk will certify this decision to the Commissioner, as the law provides. *Affirmed.*